| | | |
|---|---|---|
| **TOBY ANTOINE** | : | **DOCKET NO. 2:19-cv-01458** |
|     **D.O.C. # 482449** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **TERRY TERRELL** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Toby Antoine, who is proceeding *pro se* in this matter. Antoine is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Allen Correctional Center in Kinder, Louisiana. This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

Antoine challenges his May 14, 2004, conviction in Allen Parish, Louisiana, and the thirty-five year sentence that followed. Doc. 1, p. 1. While the instant petition does not specify the crime or crimes of which he was convicted, a previous petition filed in this Court establishes that he was convicted, pursuant to a guilty plea, of manslaughter. *See Antoine v. McCain*, No. 2:18-cv-00454 W.D. La.); doc. 1, p. 2. The petition before this Court is devoid of any information regarding direct appeal or collateral review in the state courts.

Petitioner filed the instant petition on November 6, 2019, raising the following claims: (1) motion to correct patent error; specifically, that Antoine's plea was not accepted by the court when he plead guilty; (2) excessive sentence; (3) invalided judgment; and (4) illegal sentence. Doc. 1.

## II.
## LAW & APPLICATION

### A. *Rule 4 Review*

Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The

limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### C. *Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require that a petitioner seeking federal habeas corpus relief exhaust all available state court remedies before filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). The exhaustion requirement is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must

have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, based on the same general legal theories and factual allegations that he raises in his § 2254 petition.

### D. *Application*

Before reaching the merits of a habeas claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court, whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1), and/or whether any of the claims raised are subject to the procedural default doctrine.

## III.
## AMEND ORDER

In accordance with the discussion set forth above,

**IT IS ORDERED THAT** petitioner amend his pleading within thirty (30) days of this order and provide the following information and documents:

1. DATED copies of ALL direct appeal and post-conviction pleadings filed by petitioner in the 33rd Judicial District Court, the Third Circuit Court of Appeals, and the Louisiana Supreme Court; and

2. A copy of the Orders/Judgments/Reasons for Judgment of the 33rd Judicial District Court, the Third Circuit Court of Appeals and the Louisiana Supreme Court, addressing petitioner's direct and post-conviction claims.

In the event petitioner is unable to provide DATED COPIES he may prove the date of filing by other means, such as prison mail logs, etc.

THUS DONE AND SIGNED in Chambers this 19th day of January, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE