UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TOBY ANTOINE** | : | **DOCKET NO. 2:19-cv-01458** |
| D.O.C. # 482449 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **TERRY TERRELL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Toby Antoine on November 6, 2019. Doc. 1. Antoine is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center in Kinder, Louisiana. On January 19, 2020, an initial review of this matter was performed by the undersigned and petitioner was ordered to provide dated copies of his state court filings and the state court rulings with respect to same. Doc. 4. Petitioner responded on February 6, 2020, providing some documentation related to his state court proceedings.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as time-barred.

**I.**
**BACKGROUND**

On May 14, 2005, Antoine entered a "straight up" guilty plea to a manslaughter charge in the 33rd Judicial District Court in Allen Parish, Louisiana. *See* Doc. 5, p. 11. He was sentenced to a term of thirty-five years at hard labor on July 20, 2004. *Id*. A review of the instant petition,

exhibits, and the presumptively reliable published jurisprudence of the State of Louisiana suggest that petitioner did not file a direct appeal of his conviction and sentence.

His first application for post-conviction relief was filed on December 29, 2005, which was denied by the trial court, following a contradictory hearing, on September 25, 2007. *Id*. A review of the instant petition, exhibits, and the presumptively reliable published jurisprudence of the State of Louisiana suggest that no further action was taken in the state courts following the trial court's denial of this application.

On August 21, 2017, Petitioner filed a second application for post-conviction relief in the trial court. As the application as filed "far more than two years from the date Defendant's sentence became final," because the issues had previously been litigated and denied, and because the "Defendant's claims of innocence [were] obviously without merit based on prior admissions of guilt and eyewitness accounts obtained in the record," the trial court denied same. *Id*. An application for writ of review was denied by the Third Circuit. *See id*. at p. 15. The Louisiana Supreme Court denied petitioner's application for writ of supervisory relief as untimely, pursuant to La.S.Ct.R. X, § 5. *Id*. at p. 15.

On November 6, 2019, Antoine filed the petition presently before this Court, raising the following issues: (1) petitioner's plea was not accepted by the court; (2) excessive sentence; (3) invalid judgment; and (4) illegal sentence. Doc. 1.

## II.
### LEGAL STANDARDS

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court

is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### III.
#### APPLICATION

Because Antoine did not file a direct appeal, his conviction became final upon his expiration of time for making a motion for appeal. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). Under the Louisiana Code of Criminal Procedure, that time period concluded on August 19, 2004. LA. C. CR. P. arts. 13 & 914. Under §2244(d)(1) petitioner had one year from that date, or until August 19, 2005, to file his federal habeas petition.

Petitioner filed his federal habeas petition on November 6, 2019. However, he was able to toll the AEDPA's limitations period when he filed his first application for post-conviction relief in the trial court on December 29, 2005. Thereafter, petitioner was able to toll limitations until

September 25, 2007, when the trial court denied his application. He did not seek review of this decision in the state appellate courts. Petitioner then allowed nearly ten years to elapse before filing a second application for post-conviction relief in the trial court. He was unable to toll the AEDPA's limitations period because by the time he launched his second collateral attack on his conviction on August 21, 2017, the limitations period had already expired and could not thereafter be revived. *See Villegas v. Johnson*, 184 F.3d 467 (5th Cir. 1999). Thus, petitioner's post-conviction pleadings filed in 2017 could not serve to toll the running of the limitations period. Accordingly, the instant petition, filed approximately twelve years after the limitations period expired, is clearly time-barred by the provisions of the AEDPA.

The Fifth Circuit has held that § 2244(d)'s limitations period can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). However, equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Wheaten,* 826 F.3d 843, 851 (5th Cir. 2016) (quotations omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quotations omitted).

Antoine does not allege any facts that support a finding of equitable tolling. He has not alleged that he was actively misled, nor has he asserted that he was prevented in some extraordinary way from asserting his rights. We note that a § 2254 petition may be entertained in

this court "only on the [basis that the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, Antoine's claims cannot provide the rare and exceptional circumstances for tolling the limitations period applicable to such petitions and his petition must be dismissed as untimely.

## IV.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from**

**service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 4th day of May, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE